# Wheeling.

ALLEN T. CAPERTON *vs.* PHILIP BOWYER.

January Term, 1870.

1. A case in which there was no error in the refusal of the court below to grant a change of venue, there being counter affidavits, and the verdict of the jury being moderate in amount, would not indicate the existence of the prejudice alleged.

2. A circuit court may adjourn and continue its sessions to another place than the county seat, when the court house is undergoing repairs and is unfit to be occupied.

3. A case in which the the principles decided in *Caperton* vs. *Martin, infra,* on the questions of the plea of " belligerent rights," pardon of the President, and the statute of limitations, are again pronounced.

This was an action for false arrest and imprisonment of the plaintiff, Philip Bowyer, by Allen T. Caperton, the defendant, the latter a provost marshal for the so-called confederate authorities during the late rebellion, in the county of Monroe, brought in May, 1866, claiming 10,000 dollars damages, in the circuit court of Monroe county. The defendant filed similar pleas to those in the case of *Caperton* vs. *Martin, infra,* and they were determined in like manner by this court. The jury found a verdict for 833 dollars damages.

Two questions only were adjudicated in this court, except those just mentioned, in this case, as appears by the opinion of the judge deciding it, viz: concerning a change of venue, and the removal of the session of court from the court house of the county to the Salt Sulphur Springs.

On the change of venue there were the affidavits of sun-

dry persons that they did not believe the defendant could obtain a fair trial in Monroe county, owing to the prejudice excited against him by reason of his having exercised the office of provost marshal for the confederate government in that county during the rebellion, and the fact that qualified jurors could only be taken from the class who could take an oath that they had been loyal to the United States government, and had not aided the rebellion. These were met by counter affidavits of parties who declared that they did not believe such bias or prejudice existed against the defendant as would prevent them from doing him justice upon the evidence adduced in the case.

The question concerning the removal of the session of court when the case was tried, was made on the refusal of the court below to arrest the judgment because of such removal.

It appears that in July, 1867, when the case was heard, and whilst the court was in session, an order was made reciting that the court house of the county, located at Union, being in bad condition and requiring immediate repairs, and the workmen employed to make the repairs being then engaged in making the same, and that during the said repairs the court house would not be in a condition to be occupied, it was, therefore, ordered that the remainder of the term should be continued and held at Salt Sulphur Springs, about three miles distant.

The defendant brought the case here for review.

Hon. N. Harrison, judge of the circuit court of Monroe county, presided on the trial of the case.

*Lee* and *Boggess* for the plaintiff in error.
*Stanton & Allison* for the defendant in error.

BROWN, *President.*

This was a motion for a change of venue upon the allegation that the defendant would not have a fair trial because of prejudice against him.

In support of the motion are the affidavits of a number of witnesses, taken without notice, stating substantially that, in the opinion of the affiants, the defendant could not have a fair trial by any jury likely to be selected in the county; and in opposition to the motion are the affidavits of a number of witnesses, taken also without notice, to the effect that, in their opinion, no such prejudice exists among the jurors or voters of the county as to prevent their doing justice to the defendant upon the evidence adduced in the case. The court, upon consideration of the affidavits and counter affidavits filed, and the circumstances of the case, in a written opinion, declared that it could not come to the conclusion that impartial justice could not be done to the defendant by a jury of the county, especially as the court in every instance, when applied to by the defendant, had directed a special jury to be empaneled under the 25th section of Code of 1860, p. 691, and in all such cases subjected each juror to the sifting test propounded by sec. 21; and that the court had no reason, from the character of the verdicts already rendered against the defendant, in other cases at that term, or otherwise, to believe that he could not obtain a fair and impartial trial of this case in the county; and that it would occasion great inconvenience, amounting almost to a denial of justice to the plaintiff, to send the case to another county, under the circumstances of the case as stated in the said opinion.    And the court overruled the motion for a change of venue.

To this ruling the defendant excepted, and the same is assigned for error here.    In the case of *Ingersoll* vs. *Wilson*, 2 W. Va. Rep., 59, and *Ott* vs. *McHenry*, idem 73, the evidence was all on one side, and the fact not disputed, that a fair trial could not probably be had before a jury of the county; but in this case the evidence is conflicting, and the case one which, in the opinion of the court, is entitled to consideration.

There is no error in the refusal of the court to change the venue in this case.    And the verdict of the jury, upon

the facts of the case, is moderate in amount, and gives no indication of the prejudice alleged, but rather corroborates the opinion of the court in the premises.

The other points relative to the alleged defence of belligerent rights, and the President's pardon to the defendant for complicity in the rebellion, and the alleged unconstitutionality of the act of March 4th, 1865, prohibiting the computation of the time of the war within the period of limitation of actions, and the questions of pleading, &c., have all been determined and disposed of in the case of *Caperton* vs. *Martin, infra.* There is, however, another point raised in this case not made in the case against Martin, and that is the removal of the court to the Salt Sulphur Springs, for the reason assigned in the order of court: that the court house was then undergoing repairs, and was unfit to be occupied. The case comes within the provision of the statute on the subject, in the Code of 1860, and the objection to the removal was properly overruled.

The judgment, therefore, of the court below, must be affirmed, with costs and damages to the defendant in error.

The other judges concurred.

JUDGMENT AFFIRMED.